# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 20-1311V

|  |  |
|---|---|
| DAWSON LANGDON,<br><br>                  Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                  Respondent. | Chief Special Master Corcoran<br><br>Filed: October 25, 2023 |

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Alexis B. Babcock*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 2, 2020, Dawson Langdon filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), alleging that he suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of an influenza ("flu") and meningococcal vaccines administered to him on October 6, 2017. Petition, ECF No. 1. On April 7, 2023, I issued a decision awarding damages to Petitioner, following briefing by the parties. ECF No. 64.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $41,702.06 (representing $40,820.20 in attorney's fees, $855.51 in attorney's costs, and $26.35 in out-of-pocket expenses). Petitioner's Application for Attorney's Fees and Costs filed Sept. 19, 2023, ECF No. 72. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred $26.35 in out-of-pocket expenses. ECF No. 73.

Respondent reacted to the motion on September 20, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 74. Petitioner did not file a reply thereafter.

I note this case required additional briefing regarding the issue of damages and participation in an expedited Motions Day. *See* Status Report, filed Aug. 12, 2022, ECF No. 45 (reporting an impasse in damages discussions); Petitioner's Memorandum in Support of Damages, filed Oct. 25, 2022, ECF No. 53; Petitioner's Reply Brief, filed Feb. 21, 2023, ECF No. 61; Hearing Minute entry dated Mar. 24, 2023 (regarding proceedings on March 24, 2023). Petitioner's counsel expended approximately 12.5 hours drafting the brief in support of entitlement and damages; and 12.8 hours drafting the reply brief, totaling 25.3 hours. ECF No. 72 at 20-22. I find this amount of time to be reasonable and I will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred).

Furthermore, Petitioner has provided supporting documentation for all claimed costs, except for $20.00 for 200 pages of in-house copying costs. ECF No. 72 at 25, 28-38. I will nevertheless allow reimbursement of this unsubstantiated cost. And Respondent offered no specific objection to the rates or amounts sought.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded the total amount of $41,702.06[3] as follows:**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Hum. Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

2

- **A lump sum of $41,675.71, representing reimbursement in the amount of $40,820.20 for attorney's fees and in the amount of $855.51 for attorney's costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Ronald Craig Homer; and**

- **A lump sum of $26.35, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

s/Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.